E-FILED
Tuesday, 05 May, 2026  02:37:04 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DYLAN FORD,
     Plaintiff,

v.

RODNEYSE BICHOTTE-
HERMELYN, BRIAN GOTLIEB, and
JOY CAMPANELLI,
     Defendants.

Case No. 1:26-cv-01186-JEH-RLH

**Order**

Now before the Court is the *pro se* Plaintiff Dylan Ford's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1]  For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and her Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges:

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

1.  Brian Gotlieb and Joy Campanelli obstructed justice,
2.  Rodneyse Bichotte-Hermelyn participated in the process,
3.  The compensation amount is to be decided by the jury.

Pl.'s Compl. (D. 1 at ECF p. 1). The Plaintiff then declares under penalty of perjury that the foregoing information is true and he understands that a false statement may result in dismissal of his claims. *Id.* That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must given her *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for his allegations.

Furthermore, this same Complaint brought Dylan Ford against Defendants Bichotte-Hermelyn, Gotlieb, and Campanelli has been filed in numerous courts around the country, including in the U.S. District Court for the Western District of Michigan, the U.S. District Court for the Middle District of Georgia, the U.S. District Court for the Middle District of Alabama, and the U.S. District Court for

2

the District of Rhode Island, among many other district courts.[2]  The cases were all filed between April 29, 2026 and May 4, 2026, thus far at least.  Each complaint (at least the several this Court reviewed) is dated April 14, 2026.  The Plaintiff's mailing address is in South Sioux City, Nebraska, but the envelope he mailed his Complaint in here and in the other cases is postmarked in New York.  *See* Pl.'s Compl. (D. 1 at ECF p. 2).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).  Certainly, where a plaintiff files the same complaint with the same three meager allegations – really just the barest possible sentences – in over 27 courts within just days of each other, that the plaintiff intends to harass either the defendant, the given court, or both.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious.  The Application to proceed IFP (D. 2) is DENIED.  The Application, submitted under penalty of perjury, is lacking in detail.  In any event, the Court will not permit the Plaintiff, who is pursuing a malicious action, to do so without paying the filing fee.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on May 5, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] *E.g.*, *Ford v. Bichotte-Hermelyn*, 1:26-cv-01413-JMB-SJB (W.D. Mich. Apr. 30, 2026); *Ford v. Bichotte-Hermelyn*, 5:26-cv-00170-MTT (M.D. Ga. May 4, 2026); *Ford v. Bichotte-Hermelyn*, 2:26-cv-00303-RAH-JTA (M.D. Ala. Apr. 30, 2026); *and Ford v. Bichotte-Hermelyn*, 1:26-cv-00271-MSM-PAS (D.R.I. May 1, 2026).